IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS VOICES FOR REFORM, and JOSHUA HALE, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police,<br><br>Defendant. | No. 25-cv-1477 |

# COMPLAINT

Plaintiffs Illinois Voices for Reform and Joshua Hale, individually and on behalf of others similarly situated, complain against Defendant Brendan Kelly, in his official capacity as the Director of the Illinois State Police, as follows:

## Nature of the Case

1. This case arises under 42 U.S.C. §1983 and alleges violations of the Fourteenth Amendment to the United States Constitution.

2. The Illinois State Police ("ISP") is obligated under state law to maintain and administer the Illinois Sex Offender Registry and ensure the accuracy of the information on the registry website. However, at present, the ISP has no effective process for a registrant to correct erroneous information that appears on the registry website.

3. As a result of the ISP's failure to create and implement a process for correcting errors, individuals on the registry have no remedy when they are harmed by errors on the registry. For example, an individual who is mislabeled as a "sexual predator" on the registry website when that label does not apply pursuant to the relevant Illinois statutes is unable to challenge or correct that erroneous designation. Likewise, an individual who is erroneously told by local police that he must register for the rest of his life when he is only required to register for ten years pursuant to the relevant Illinois statutes does not have any effective way to seek relief from the burdens of continued registration.

4. Plaintiffs allege that the ISP's failure to create and implement an effective process for correcting errors on the registry violates the Fourteenth Amendment's guarantee of procedural due process. Plaintiffs seek class-wide injunctive and declaratory relief.

## Jurisdiction and Venue

5. Jurisdiction for Plaintiff's claims is based on 28 U.S.C. §§ 1331 and 1343(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## Parties

7. Defendant Brendan Kelly is sued in his official capacity as director of the Illinois State Police. In his capacity as the director of the ISP, he has final authority

to maintain and administer the Illinois Sex Offender Registry and responsibility for ensuring that the information on the registry is accurate. 730 ILCS 152/115 (a) and (b).

8. Plaintiff Joshua Hale is a resident of Aurora, Illinois and a supporter of Illinois Voices for Reform. Pursuant to the relevant Illinois statutes, he is required to register as a "sex offender" for a period of ten years. However, the registry currently reflects erroneous information regarding his status and registration obligation. Namely, he is falsely labeled as a "sexual predator" who is required to register for the rest of his life on the registry website.

9. Plaintiff Illinois Voices for Reform is a non-profit corporation organized under the laws of the State of Illinois, which is devoted to advocacy for people on the sex offender registry and their families, and the promotion of rational, evidence-based sex offense laws and policies.

## Relevant Provisions of Illinois Law

### I. Registration Obligations and Restrictions

10. The Illinois Sex Offender Registration Act ("SORA"), 730 ILCS 150/1, *et. seq.*, requires individuals with certain qualifying convictions for sexual offenses to register with the law enforcement agency in the jurisdiction where they reside, work, or attend school. 730 ILCS 150/2 (D).

11. SORA creates two basic categories of registrants who have different registration obligations and restrictions: (1) "sex offenders" and (2) "sexual predators." What category a registrant falls into is determined by the crime of

which a person is convicted. *See* 730 ILCS 150/2 (A), (B), (E), (E-5), (E-10) (setting forth the convictions that qualify individuals as "sex offenders" and "sexual predators").

12. Individuals designated as "sex offenders" are required to register for a period of ten years following their conviction or discharge from the Illinois Department of Corrections. 730 ILCS 150/7. Individuals designated as "sexual predators" are required to register for the rest of their "natural life." *Id.*

13. For individuals labeled as "sex offenders," the ten-year registration period can be extended under three circumstances: (1) the ten-year registration period restarts if the registrant "fails to comply" with any aspect of SORA during their registration period (730 ILCS 150/7); (2) a person who previously was required to register as a "sex offender" for a period of ten years will be required to register for life as a "sexual predator" if the person is convicted of any new felony offense after July 1, 2011, and the prior offense for which the ten-year registration period was imposed currently requires life registration (730 ILCS 150/3(c)(2.1)); and (3) a person who previously was required to register as a "sex offender" for a period of ten years will be required to register for life as a "sexual predator" if the person is convicted of a "second or subsequent offense which requires registration" (730 ILCS 150/2(E)(5)).

14. An individual required to register as a sex offender or sexual predator "shall pay a $100 initial registration fee and a $100 annual renewal fee" each year that he or she has to register. 730 ILCS 150/3(c)(6).

15. It is illegal for a person designated as a "sexual predator" to "knowingly be present in any public park building or on real property comprising any public park" or to "knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park." 720 ILCS 5/11-9.4-1 (b) and (c). Violation of either of these prohibitions is a Class A misdemeanor or a Class 4 felony for a second or subsequent violation. 720 ILCS 5/11-9.4-1(d). This restriction does not apply to individuals required to register as "sex offenders."

## II. The Registry Website

16. Pursuant to the Illinois Sex Offender Community Notification Act, 730 ILCS 152, the Illinois State Police has statutory responsibility for creating and maintaining a sex offender registry database that is accessible to the public on its website. 730 ILCS 152/115 (a) and (b).

17. Local law enforcement agencies responsible for conducting offender registrations in their respective jurisdictions transmit data to ISP for inclusion on the statewide registry website through the Law Enforcement Agencies Data System ("LEADS"). 730 ILCS 152/115. ISP is responsible for compiling information from LEADS and publishing it on the registry website. *Id*.

18. The Notification Act requires the Illinois State Police to promulgate "procedures to ensure that the information in the database is accurate." 730 ILCS 152/115 (b).

**ISP Lacks Procedures for Correcting Registry Errors**

19. The Offender Registration section of ISP's website has a Frequently Asked Questions section that provides guidance about what a person should do if he or she "believe[s] any of the information contained on this website is inaccurate." The website instructs that a registrant or other member of the public "should report the information to the local law enforcement agency where the sex offender registers."[1]

20. In the past, ISP maintained a hotline number that a registrant or another member of the public could call if they believed information on the registry was inaccurate. The ISP's Offender Registration website still contains information about this hotline. It reads as follows: "If you believe that any of the information found in these records is inaccurate, please contact the Illinois State Police Sex Offender Registration team at (217) 785-0653 between the hours of 8:00am and 5:00pm, Monday through Friday."[2]

21. However, this number has recently been disabled. If one calls this number, a prerecorded message informs the caller that the number is "no longer in use" and instructs that "if you or the person you are calling for is a registered offender, you need to direct your questions to your local law enforcement agency."

22. There is a section of the Illinois Administrative Code that contains general procedures for challenging agency actions. *See* Ill. Admin. Code tit. 20, § 1200.30. However, the ISP does not use this process for individuals who believe the

---

[1] *See* https://isp.illinois.gov/Sor/FAQs

[2] *See* https://isp.illinois.gov/MissingOffenders/Disclaimer

information on the registry is inaccurate. Instead, the ISP informs registrants that the only way to seek review is to contact the local law enforcement agency.

23. Under Illinois law, local law enforcement agencies are not responsible for maintaining the Sex Offender Registry website or ensuring that the information contained on the website is accurate. 730 ILCS 152/115 (b). So if the local law enforcement agency fails to act in response to a report that information on the registry is inaccurate, the registrant has no recourse.

### Facts Relevant to Named Plaintiff Joshua Hale

24. In April 2010, Plaintiff Joshua Hale was convicted of violating 720 ILCS 5/12-15-A2 (criminal sexual abuse). He was sentenced to serve 106 days in the DuPage County Jail and two years of probation.

25. Under Illinois law, Plaintiff Hale's conviction requires ten years of registration as a "sex offender." *See* 730 ILCS 150/2(B) (defining violation of 720 ILCS 5/12-15-A2 as a "sex offense"); 730 ILCS 150/7 (requiring ten years of registration as a "sex offender" for those convicted of "sex offenses").

26. On October 7, 2014, Plaintiff Hale was convicted of failure to register a change of address in violation of 730 ILCS 150/6. This conviction restarted his ten-year registration period, meaning that he was required to register until October 7, 2024. *See* 730 ILCS 150/7.

27. As explained in ¶13 above, certain post-conviction actions or occurrences can result in a person who was initially required to register for ten years being required to register for life. A conviction for failure to register does not convert an

offense requiring ten years of registration as a sex offender into an offense requiring life registration as a sexual predator unless 730 ILCS 150/3(c)(2.1) applies. 730 ILCS 150/3(c)(2.1) is only triggered by a conviction for failure to register if the conviction occurs after July 1, 2011, *and* the offense for which the ten year registration period was imposed "currently requires a registration period of more than 10 years." *Id*.

28. This provision of law does not apply to Plaintiff Hale because the sexual offense of which he was convicted (violation of 720 ILCS 5/12-15-A2) has never been defined as an offense requiring life registration as a "sexual predator" under Illinois law. Rather, both at the time of conviction and at present, this conviction required registration as a "sex offender" for a period of ten years.

29. Around the time that Plaintiff Hale anticipated that his ten-year registration period was set to expire (in October 2024), he looked at the ISP's website and learned that he was labeled as a "sexual predator" with a requirement to register for life.

30. An individual whose registration period has been converted from ten years to lifetime registration is supposed to be notified of the extension in writing by the ISP pursuant to 730 ILCS 150/5-7. Plaintiff Hale never received notification that his registration period had changed.

31. Plaintiff Hale does not meet the legal definition of a "sexual predator" under Illinois law and there is no statutory basis to extend his registration period beyond October 7, 2024.

32. Plaintiff Hale has sought to correct the error on the registry by following the directions provided by the Illinois State Police.

33. First, on December 19, 2024, Plaintiff Hale's attorney called the hotline number on the ISP's website, (217) 785-0653, to inform ISP that the information on the registry was incorrect. The phone number provided prerecorded message that the number is "no longer in use" and instructions to "direct your questions to your local law enforcement agency."

34. Second, in compliance with the instructions provided by the ISP's hotline number, Plaintiff Hale's attorney called the Aurora Police Department (the agency with which Plaintiff Hale registers) on December 19, 2024, and left a voicemail for the individual responsible for offender registration for Aurora, Detective Alexandra Martyn. The message informed Detective Martyn that the registry had inaccurate information for Plaintiff Hale and requested a call back. Detective Martyn did not return the call.

35. Third, on January 16, 2025, Plaintiff Hale's attorney again called the Aurora Police Department and was again directed to the voicemail for Detective Martyn. Plaintiff's attorney left a more detailed voicemail explaining the nature of the error on the registry and the instructions received from ISP to contact the local law enforcement agency about errors on the registry. Detective Martyn did not return the call.

36. On January 31, 2025, Plaintiff Hale registered in person at the Aurora Police Department. He spoke directly to Detective Martyn. Detective Martyn

9

acknowledged receiving voicemails from Plaintiff's counsel and expressed a desire to help with Plaintiff Hale's situation, but said that the Illinois State Police are in charge of the information on the registry.

37. Plaintiff Hale is currently experiencing significant impairment of his legal rights and reputational harm as a result of the ISP's failure to implement a process for registrants to challenge errors on the registry website.

38. In particular, Plaintiff Hale remains on the ISP's sex offender registration website although his lawful registration period expired four months ago. He was required to pay a $100 annual registration fee. He is still erroneously listed as a "sexual predator." If he violates any aspect of the registration Act, including, *inter alia*, failure to report a change of address, employment, or internet identifiers, he is subject to new felony charges.

### Facts Relevant to Plaintiff Illinois Voices for Reform

39. Members of the Board of Directors and supporters of Illinois Voices for Reform face a real and immediate threat of injury due to the ISP's failure to implement a policy to allow registrants to challenge errors on the registry website.

40. Illinois Voices for Reform's board includes five individuals who are required to register as sex offenders in Illinois. Illinois Voices for Reform also advocates for the rights of its supporters, which include hundreds of persons on the Illinois Sex Offender Registry. Some of these individuals have identified and will in the future identify errors on the sex offender registry. When they seek to correct

these errors, they will face the same situation as Plaintiff Hale due to the ISP's failure to have any procedure for challenging errors on the registry.

## Class Allegations

41. Pursuant to Fed. R. Civ. P. 23(b)(2), the named Plaintiffs seek certification of this complaint as a class action on behalf of a class defined as follows:

> All persons who are currently or will in the future be required to register on Illinois' publicly available Sex Offender Registry.

42. The proposed class is numerous. As of February 5, 2025, there are 34,225 individuals in the Illinois Sex Offender Registry database.[3] Every person on the registry is harmed by ISP's failure to establish a process for registrants to correct errors on the sex offender registry. The numerosity threshold is thus met notwithstanding the fact that not all members of the proposed class will be injured by the unconstitutional policy (*i.e.*, the registry does not contain inaccuracies for every registrant). *See Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (holding that it is "almost inevitable" that a class will "include persons who have not been injured by the defendant's conduct," and "[s]uch a possibility or indeed inevitability does not preclude class certification.")

43. Joinder of all class members is impracticable. Not only is the class very numerous, but membership in the class is constantly expanding as every day additional people with convictions for sexual offenses are added to the registry and become subject to the ISP's policy.

---

[3] The registry can be downloaded by any member of the public at the following website: https://isp.illinois.gov/Sor

11

44. There are questions of law and fact common to all class members, including but not limited to the following:

- Has the ISP promulgated adequate "procedures to ensure that the information in the database is accurate" as required by 730 ILCS 152/115 (b)?

- Why did the ISP discontinue its hotline for reporting registry errors?

- Has ISP provided any training to local law enforcement agencies regarding how to respond to a registrant's report that there are errors on the registry?

- Does it satisfy the demands of due process for ISP to shift responsibility to local law enforcement agencies to correct errors on the registry?

45. All individuals falling within the class definition have been subject to the same policy. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and injunction would provide relief to each member of the class.

46. Plaintiffs and the class they seek to represent have been directly injured by the policy challenged herein; and members of the class are currently at risk of future harm from the continuation of this policy.

47. Plaintiffs will fairly and adequately represent the interests of the class; and the named Plaintiffs' claims are typical of the claims of all members of the proposed class.

48. Plaintiffs' counsel are experienced in civil rights litigation, including class actions under Fed. R. Civ. P. (b)(2) and constitutional matters on behalf of persons on the Illinois Sex Offender Registry. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. §1983 – FOURTEENTH AMENDMENT

49. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) issue a preliminary and then permanent injunction requiring ISP to provide a constitutionally adequate process for persons on the sex offender registry to challenge errors on the registry;

(b) issue a declaratory judgment that the ISP's current policy of leaving it to local law enforcement agencies to address errors on the registry violates the Fourteenth Amendment;

(c) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d) grant Plaintiffs any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net